UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIMMY PEREZ-BENITEZ,

               Petitioner,

    v.

BRUCE SCOTT, et al.,

               Respondents.

Case No. 2:26-cv-00280-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION

Before the Court is a petition for writ of habeas corpus filed by Petitioner Jimmy Perez-Benitez, who is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1. Perez-Benitez argues that Respondents have erroneously subjected him to mandatory detention under § 8 U.S.C. § 1225(b)(2) when he is instead entitled to consideration for release on bond under 8 U.S.C. § 1226(a). *Id.* ¶¶ 43–57. On January 15, 2026, an Immigration Judge ("IJ") issued a written order concluding that she was unable to consider Perez-Benitez's request for bond because his detention is governed by § 1225(b)(2). Dkt. 1-1 at 67–68. In the alternative, she ruled that even if she had jurisdiction to consider the request, she would deny bond because Perez-Benitez presents a flight risk. *Id.* at 67. Perez-

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

Benitez now argues that the IJ's written decision is inconsistent with her earlier oral findings, but he does not provide a transcript or recording to support that assertion. *See id.* at 64–65.

Regardless of the statutory basis for Perez-Benitez's detention, he has not shown by a preponderance of the evidence that the IJ's flight risk finding does not provide a lawful basis for his detention. The Court therefore DENIES the petition for writ of habeas corpus.

## II.    BACKGROUND

Perez-Benitez entered the United States without inspection at an unknown time and date. Dkt. 1-1 at 9, 30. On December 18, 2025, he was apprehended by immigration officers and issued a Notice to Appear. *Id.* at 30; Dkt. 1 ¶¶ 16–17. On January 6, 2026, he moved for a custody redetermination hearing before an IJ. Dkt. 1-1 at 32–62. The hearing took place on January 15. Dkt. 1 ¶ 20. Later that day, the IJ issued a written order finding (1) that she lacked jurisdiction to consider the request and (2) that Perez-Benitez presents a flight risk. Dkt. 1-1 at 67. The written order did not include any alternative bond amount. *See id.* at 67–68. On February 13, Perez-Benitez moved for clarification of the IJ's written order. Dkt. 9-1 at 3–5. He claimed that during the hearing, the IJ had orally issued a $10,000 alternative bond, which did not appear in the subsequent written order. *Id.* at 4.

On January 23, Perez-Benitez filed a habeas petition seeking immediate release from custody. Dkt. 1. On February 10, Federal Respondents filed a return. Dkt. 8. Perez-Benitez filed a traverse one week later. Dkt. 9. On February 20, Federal Respondents filed a notice of intent to remove Perez-Benitez from the United States "on or after February 24, 2026." Dkt. 10. No party has informed the Court as to whether he remains in the United States.

## III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV.    DISCUSSION

Perez-Benitez does not argue that the IJ's flight risk finding was unsupported by evidence or violated his constitutional rights. *See* Dkt. 1. Instead, he argues that the IJ's written ruling does not reflect the decision that she issued orally at the hearing, where he claims she set a $10,000 alternative bond. *Id.* ¶¶ 20–21. To support this assertion, he submits a declaration from one of his immigration attorneys stating that at the hearing, the IJ "[found] him to be a flight risk based on his immigration history" but indicated in the alternative "that she would set bond in the amount of $10,000, subject to any conditions deemed necessary by Immigration and Customs Enforcement." Dkt. 1-1 at 65. He also submits a declaration relaying conversations between a case processing assistant at the same law firm and a Tacoma Immigration Court clerk. *Id.* at 70–72. According to this second declaration, the Immigration Court clerk stated that the court had not retained any record or transcript of Perez-Benitez's bond hearing but that the IJ's written order "was correct." *Id.* at 71–72.

Federal Respondents argue that Perez-Benitez is properly detained under § 1225(b)(2), but that even if he were subject to discretionary detention under § 1226(a), he has failed to exhaust his remedies in Immigration Court before seeking habeas relief. Dkt. 8 at 2–4. Perez-Benitez does not dispute that he failed to exhaust administrative remedies before seeking habeas relief but argues that "any further challenge or appeal at the Agency level [would be] futile." Dkt. 9 at 2–4.

Regardless of the proper statutory basis for his detention, Perez-Benitez has not met his burden of showing by a preponderance of the evidence that the IJ issued a $10,000 alternative

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

bond amount. Because he does not challenge the IJ's flight risk finding as unlawful on its merits, the only relevant dispute between the parties is the factual question of whether any alternative bond amount was issued. Perez-Benitez bears the burden of proof, and hearsay contained in declarations of counsel and employees is not sufficient evidence to overcome the written ruling and warrant habeas relief on this basis. As Federal Respondents note, Perez-Benitez may seek relief before the IJ or the Board of Immigration Appeals. *See* Dkt. 1-1 at 65 ("The Immigration Judge reserved appeal for both parties and set a bond appeal deadline of February 17, 2026."). And even if he were subject to discretionary detention under § 1226(a), the IJ's unchallenged flight risk finding provides a separate basis for the "legality of [his] custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Because Perez-Benitez has not shown by the preponderance of the evidence that his continued detention is unlawful, habeas relief is not available to him at this time.

### V.    CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Dated this 16th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4